UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 09 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REBECCA HOUPT, on behalf of herself and all others similarly situated,

        Plaintiff - Appellee,

v.

VICTORIA FIRE & CASUALTY COMPANY, an Ohio corporation; et al.,

        Defendants - Appellants.

No. 11-55869

D.C. No. 2:10-cv-07726-R-JEM
U.S. District Court for Central California, Los Angeles

MANDATE



The judgment of this Court, entered July 18, 2011, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

Costs are awarded to the Appellant in the amount of $337.80.

        FOR THE COURT:
        Molly C. Dwyer
        Clerk of Court

        Gabriela Van Allen
        Deputy Clerk

**FILED**

**NOT FOR PUBLICATION**

JUL 18 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REBECCA HOUPT, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>VICTORIA FIRE & CASUALTY COMPANY, an Ohio corporation; NATIONWIDE MUTUAL LIFE INSURANCE COMPANY, an Ohio corporation; TITAN AUTO INSURANCE OF NEW MEXICO, INC., a New Mexico corporation,<br><br>　　　　Defendants - Appellants. | No. 11-55869<br><br>D.C. No. 2:10-cv-07726-R-JEM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted July 14, 2011
Pasadena, California

Before: RYMER, TALLMAN, and IKUTA, Circuit Judges.

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Because Houpt's parenthetical request for relief above CAFA's $5 million jurisdictional limit rendered her complaint ambiguous as to the total recovery sought, the district court erred in concluding that the defendant insurers needed to prove the amount in controversy to a legal certainty rather than by a preponderance of the evidence. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Here the insurers have satisfied CAFA's jurisdictional requirements: because Houpt alleged that the insurers improperly reduced the plaintiffs' sales commissions, the full amount of those commissions, $12,375,968, rather than the sum of all "improper" deductions, is properly included in the amount in controversy. *See* 28 U.S.C. § 1332(d)(2); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397–98 (9th Cir. 2010).

Finally, by alleging only that the plaintiffs are "California-based" sales agents, rather than California citizens, Houpt failed to plead or prove a necessary element of both the discretionary abstention and local controversy exceptions to CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(3), (4)(A)(i)(I); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 824 (9th Cir. 2002) (per curiam). We therefore decline to affirm the decision of the district court on these alternative grounds.

The district court's order remanding this action to the state court is **REVERSED**, and the case is **REMANDED** to the district court for further proceedings consistent with this disposition.

**REVERSED and REMANDED.**